# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BRANDON L. HIXSON,

    Plaintiff,

v.      No. 4:18cv00214-SWW-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Brandon Hixson, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Counsel for both sides have done admirable work on behalf of their respective clients. But after careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is young - he was only thirty years old at the time of the most recent administrative hearing.[1] (Tr. 41.) He completed the eleventh grade, earned a general equivalence degree, and attended some college on-line (*id.*) but has no past relevant work. (Tr. 26.)

The ALJ[2] found Mr. Hixson had not engaged in substantial gainful activity since October 10, 2012, the alleged onset date. (Tr. 15.) He has "severe" impairments in the form of

---

[1] Plaintiff had two administrative hearings; the first administrative decision was remanded by the Appeals Council.

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

a seizure disorder, mild neurocognitive disorder, adjustment disorder with mixed emotional features, mood disorder not otherwise specified, anxiety, and a history of polysubstance abuse. (Tr. 18.) The ALJ further found Mr. Hixson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] (Tr. 18-20.)

The ALJ determined Mr. Hixson had some environmental and mental limitations but had the residual functional capacity to perform work at all exertional levels. (Tr. 20-21.) As previously stated, Mr. Hixson had no past relevant work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. Based on the testimony of the vocational expert (Tr. 70-73), the ALJ determined Mr. Hixson could perform the jobs of hand packager, circuit board assembler/checker, mail room clerk, labeler/marker, and compact assembler. (Tr. 27.) Accordingly, the ALJ determined Mr. Hixson was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Hixson argues that the ALJ failed to develop the record by not ordering additional consultative examinations and not developing additional evidence from James Moneypenny, Ph.D., before discounting his opinion. (Doc. No. 11 at 6-10.) Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both

---

[3] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). After carefully considering this argument, I find Plaintiff has shown neither.

Plaintiff does make a good point about four years having passed between the State Agency doctors rendering their opinions and the ALJ's opinion. However, there was ample other evidence upon which the ALJ could rely. For example, the General Physical Examination by Clifford Evans, M.D., noted nothing that could be considered disabling. (Tr. 687-691.) The ALJ's assessment of Dr. Evans's report was thorough and proper. (Tr. 23-25.) And while Plaintiff argues none of Plaintiff's neurologists had been asked their opinions about Plaintiff's work restrictions, the Commissioner correctly points out that two examining neurologists had only placed "seizure precautions" and driving restrictions on Plaintiff. (Tr. 990, 997.)

It is significant that Plaintiff has not been compliant with his treatment and taking his prescribed medication. The ALJ stated, "The undersigned has also considered that, despite his ability to benefit from the treatment prescribed, the record contains evidence indicating that the claimant has a history of being frequently non-compliant with his prescribed medications and of seeking treatment on only a sporadic basis." (Tr. 22.) The ALJ's opinion cites numerous references to Plaintiff's noncompliance because his treatment records are replete with examples. Failure to follow a prescribed course of remediable treatment without good reason is grounds for denying an application for benefits. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997).

The evidence of record simply fails to support a conclusion that Mr. Hixson is completely disabled. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The overall evidence of record fails to support his claim of disability. The ALJ carefully considered the record and made a supported assessment of Plaintiff's residual functional capacity. In coming to his conclusion, the ALJ considered the medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions.

Plaintiff also believes the ALJ incorrectly evaluated his symptoms. (Doc. No. 11 at 10-13.) Second-guessing an ALJ's credibility assessment is an agonizing task. Plaintiff clearly suffers from limitation and has some serious health issues. Plaintiff's counsel makes compelling arguments. However, the objective medical records simply fail to support Plaintiff's claim of complete disability. A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations at some length and determined "that the level of severity of the claimant's alleged symptoms and limitations is not supported by the evidence of record." (Tr. 22.) His analysis was proper. He made express credibility findings and gave multiple valid reasons for discounting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003). As I have repeatedly found, the ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard. *Schultz v. Astrue*, 479 F.3d 979,

982-983 (8th Cir. 2007). Accordingly, I find no basis to overturn the ALJ's assessment of Plaintiff's symptoms.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 29th day of October, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE